```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       LAREDO DIVISION
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § | Civ. No. 5:13-CV-51<br>Crim. No. 5:11-CR-1070 |
| TERRIL MONTEIZ DUCKETT | § § § | |

## MEMORANDUM OPINION

Pending before the Court is Defendant's §2255 motion, filed March 22, 2013. (Crim. Dkt. 169.) Defendant's trial attorney filed his response on August 5, 2013 (Dkt. 176), and the Government filed its response on December 31, 2013 (Dkt. 194). The Court has reviewed the motion, Attorney Javier Montemayor's Verified Response (Crim. Dkt. 176), the Government's Response (Crim. Dkt. 194), the Pre-Sentence Report ("PSR") (Crim. Dkt. 125), and other relevant documents in the record. The Court concludes that this §2255 motion is meritless and will be dismissed.

Defendant pled guilty on December 28, 2011, in front of Magistrate Judge J. Scott Hacker to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine. (Crim. Dkt. 109). No plea agreement was entered. On September 7, 2012, this Court sentenced Defendant to 240 months' confinement. (Crim. Dkt. 161.) Defendant did not appeal.

The pending motion claims four grounds for relief: (1) that Defendant's counsel was ineffective for failing to preserve the right to an appeal by not filing a notice of direct appeal; (2) that Defendant was merely a minor player in the offense, yet received more time than any of his co-defendants; (3) that Defendant's counsel was ineffective for failing to object to the quantity of drugs attributed to Defendant; and (4) that Defendant should be released because he was pulled into the conspiracy due to entrapment. (Crim. Dkt. 169 at pp. 4-9.)

Section 2255 provides relief for a defendant who can demonstrate that: "(1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." United States v. Seyfert, 67 F.3d. 544, 546 (5th Cir. 1995). Section 2255 motions "may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999).

To prevail under an ineffective assistance of counsel claim in a §2255 motion, a Defendant must satisfy a two-part test. First, Defendant must demonstrate deficient performance.

Strickland v. Washington, 466 U.S. 668, 697 (1984). Deficient performance is demonstrated by showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688. Second, Defendant must demonstrate resulting prejudice. Id. at 697. Prejudice requires that the Defendant "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

First, Defendant claims that he received ineffective assistance of counsel, because Attorney Montemayor failed to file a notice of appeal. (Crim. Dkt. 169 at p. 4.) A failure to file a notice of appeal is "professionally unreasonable" when Defendant requests that attorney file a notice of appeal. Roe v. Flores-Ortega, 120 S.Ct. 1029, 1031 (2000). If a defendant does not specifically express his wishes regarding an appeal, the preliminary inquiry is "whether counsel in fact consulted with the defendant about an appeal." Id. at 1035. For this question, "consult" means to advise the defendant "about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id. at 1040. If counsel has consulted with the defendant, then the counsel is professionally unreasonable "only by failing to

follow the defendant's express instructions with respect to an appeal." Id. at 1031.

With respect to the alleged failure to appeal, Attorney Montemayor's Response indicates that Defendant had every opportunity to do so. Montemayor avers that he met with Defendant after sentencing and advised him of his appellate rights. (Crim. Dkt. 176 at p. 2.) Defendant stated to Montemayor that he understood an appeal would be frivolous. Id. After this conversation, Attorney Montemayor advised Defendant that he would defer presenting Defendant with a notice of non-appeal in the event Defendant changed his mind about filing an appeal. Id. According to Counsel, Defendant never thereafter communicated with counsel about any desire to appeal. Id.

Defendant's motion does not controvert Attorney Montemayor's version of these events. In particular, Defendant does not claim that he instructed Counsel to file a notice of appeal. Neither does Defendant contend that Counsel failed to consult him about the appeal. Defendant's claim is limited to asserting that Counsel was ineffective for failing to file an appeal. The uncontroverted evidence on record is that Counsel made a reasonable attempt to discover Defendant's wishes about appeal, and that Defendant never requested Counsel to file a notice of appeal. Accordingly, the first ground is meritless.

Second, Defendant alleges that his sentence was inappropriate because of racial bias and disparity in sentencing, asserting that he was a minor player but received more time than other co-Defendants. (Crim. Dkt. 169 at p. 6.) This allegation is transparently frivolous. Defendant's sentence had nothing to do with his race and was not affected by his role in the offense. The simple fact is that the Defendant pled guilty to an offense involving more than five kilograms of cocaine. That crime carried a minimum mandatory sentence of ten years' confinement. If the Government filed a formal information that the Defendant had a prior narcotics conviction, under 21 U.S.C. § 51, the minimum mandatory sentence would increase to twenty years' confinement. If the Government filed information of two such prior convictions, the mandatory minimum would increase to life in prison. In fact, the Government did file information of two prior narcotics convictions. (Crim. Dkts. 78 & 83.) Thus, when Defendant's presentence report was prepared, the Probation Office called for a sentence of life in prison. Fortunately for this Defendant, the Government on March 23, 2012 withdrew the enhancement filed at Docket Number 82. (Crim. Dkt. 134.) Therefore, Defendant was spared a sentence of life in prison. With one enhancement instead of two, the Defendant's minimum sentence became twenty years' confinement instead of life in prison. That is precisely the sentence which


Defendant received. As stated above, that sentence had nothing to do with his race or role in the offense. For that matter, it had nothing to do with the sentencing guidelines. It was a sentence demanded by a federal statute. This statute cannot be affected by a §2255 motion.

Third, Defendant asserts that he received ineffective assistance of counsel because Attorney Montemayor failed to object to the quantity of drugs attributed to Defendant. (Crim. Dkt. 169 at p. 8.) During the Defendant's re-arraignment, he agreed "that he was involved in a conspiracy to possess with intent to distribute in excess of 5 kilograms." (Crim. Dkt. 189 at p. 22.) The PSR indicates the Government had substantial evidence about the quantity of drugs involved. (Crim. Dkt. 125 at pp. 10-19.) Therefore, objecting to the correct quantity of drugs would have been frivolous. As the Fifth Circuit has stated, failure to raise a frivolous objection is not ineffective assistance and is not grounds for relief under §2255. Clark v. Collins, 19 F.3d, 959, 966 (5th Cir. 1994). Therefore, this third ground for §2255 relief is meritless.

Finally, Defendant asserts that he should receive §2255 relief, because the government entrapped him, and that his involvement was limited to giving the undercover agent $5,000 to pay the carrier to deliver them, not to buy drugs. (Crim. Dkt. 169 at p. 8.) However, entrapment is a defense on the merits

that is waived by a guilty plea.  <u>United States v. Sarmiento</u>, 786 F.2d 665, 668 (5th Cir. 1986).  A claim of entrapment must be raised at trial.  It cannot be raised as a collateral attack under §2255.  <u>Moore v. United States</u>, 334 F.2d 25, 27 (5th Cir. 1964).  Further, Defendant's proposed distinction between paying for the delivery of drugs and buying drugs is irrelevant.  Defendant's fourth ground for relief is therefore also meritless.

For the foregoing reasons, Defendant's §2255 motion will be DISMISSED.

DONE at Laredo, Texas, this 4th day of February, 2014.

_____
George P. Kazen
Senior United States District Judge